IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SANTEIR JACKSON**                                                                                                    **PLAINTIFF**

**VERSUS**                                                                  **Civil Action No. 2:25-cv-00080-KS-MTP**

**MICHAEL MITCHELL,**
**DEVION WHITE,**
**and**
**DOE DEFENDANTS 2-6**                                                                                         **DEFENDANTS**

**THIRD AMENDED COMPLAINT**
[JURY TRIAL DEMANDED]

COMES NOW the Plaintiff, SANTEIR JACKSON, by and through undersigned counsel, and files this Amended Complaint against MICHAEL MITCHELL, DEVION WHITE, and DOES 2-8, and will show as follows:

## I. INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983 to redress the violation of Plaintiff Santeir Jackson's constitutional rights under the First and Fourth Amendments to the United States Constitution, as well as state law claims under Mississippi law, as a result of his wrongful arrest, seizure, and detention. At no time relevant herein did Santeir Jackson commit a crime, nor was there reasonable suspicion or probable cause that he committed a crime.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1343(a)(3) as the claims arise under federal law.

2. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the events giving rise to these claims occurred in Forrest County, Mississippi, within the Eastern Division of the Southern District of Mississippi.

### III.  PARTIES

4. Plaintiff SANTEIR JACKSON resides in Hattiesburg, Mississippi, at 702 Bernice Avenue.

5. Defendant OFFICER MICHAEL MITCHELL is a law enforcement officer employed by the Hattiesburg Police Department. He is sued in his individual capacity for actions taken under color of law. Officer Mitchell may be served with process where he may be found.

6. Defendant OFFICER DEVION WHITE is a law enforcement officer employed by the Hattiesburg Police Department. He is sued in his individual capacity for actions taken under color of law. Officer White may be served with process where he may be found.

7. Defendants JOHN DOES 2–6 are unidentified officers of the Hattiesburg Police Department who were present at the time of Plaintiff's unlawful arrest and failed to intervene. While Doe Defendant #2 is on the video of the incident that gives rise to this cause detaining Santier and assisting with his arrest, his identity is not specifically known at this time.

### IV.  FACTUAL ALLEGATIONS

8. On August 21, 2024, at approximately 10:45 AM, Jackson was at 702 Bernie Avenue, filming Officer Mitchell's traffic stop and arrest of Thanh Ha. At all times, Thanh Ha's arrest was not being interfered with, and no threat to officer safety or public order was present. Jackson was standing on the public sidewalk in front of his house.

9. Jackson was more than 15 feet away and did not interfere with or obstruct the arrest. Jackson made no physical approach or threat.

10. Jackson observed officers being unnecessarily aggressive toward Ha and said, "*Hey man, why you steady pushing him like that?*". Officer Mitchell then told Jackson, "*Come here*" several times while walking up to Plaintiff and telling him to "*Put your hands behind your back.*" Jackson then said, "*Don't touch me.*" Officer Mitchell then grabbed Jackson, who walked backward into his yard. Officer Mitchell then said, "*You're* under arrest; *come here.*" Jackson asked, "For what?" Officer Mitchell responded, "*For disorderly conduct.*" Officer Mitchell had sufficient time and opportunity to assess Plaintiff's conduct, which was peaceful and non-disruptive.

11. Officer Devion White, who was also present during the traffic stop of Ha and aware that there were no facts justifying the arrest of Plaintiff, then assisted Officer Mitchell in seizing Plaintiff by entering Plaintiff's yard to seize Plaintiff. Officer White shoved Plaintiff into a car that was parked in front of his house.

12. Officer Mitchell and Officer White then aggressively detained and handcuffed Plaintiff while pushing and holding him against the car. Another currently unidentified officer (Doe Defendant #2) then joined Officers Mitchell and White in seizing Plaintiff unlawfully.

13. Plaintiff was detained by three officers against a car in front of his house, and Plaintiff never resisted arrest—he had his hands behind his back the entire time, and was compliant with officers despite Officer Mitchell yelling for Plaintiff to put his hands behind his back and stop resisting.

14. Officer Mitchell placed Plaintiff under arrest and took him to jail where he remained for several days.

15. Officers Mitchell and White knew or should have known that there was no reasonable grounds for arrest, because a minimally competent officer, much less a reasonable one, would have known that effectuating an arrest in retaliation for constitutionally protected speech

where no probable cause existed for any offense violated clearly established Fourth and First Amendment rights.

16. Officers Mitchell and White detained/arrested Jackson because Jackson questioned their actions and authority, a lawful speech activity protected by the First Amendment.

17. As of August 21, 2024, it was clearly established in the Fifth Circuit that individuals have a First Amendment right to record public officials, including law enforcement officers, in public spaces, so long as the activity does not interfere with lawful police duties.

18. Officers Mitchell and White retaliated against Plaintiff by wrongfully detaining him, charging him with Disorderly Conduct (Failure to Comply) and Resisting/Obstructing Arrest.

19. Due to the unlawful arrest and seizure, Jackson suffered emotional distress. He had to retain a lawyer to defend him against the illegal charges.

20. To have probable cause to charge Jackson with disorderly conduct for failure to obey, Officer Mitchell must have observed Jackson, with intent to provoke a breach of the peace, fail or refuse to promptly comply with a command by Officer Mitchell when Officer Mitchell had the authority to then and there to arrest Jackson for a violation of the law. Similarly, to have probable cause to charge Jackson with Resisting/Obstructing Arrest, Officer Mitchell must have observed Jackson use force or interfere with the arrest.

21. Jackson did not violate any law as he was filming peacefully, did not use force or threats, did not disobey a lawful order, or interfere with an arrest. Officer Mitchell was without authority to arrest Jackson for a violation of the law at the time any command was given. No reasonable officer could have believed that peacefully filming or asking a non-threatening question constituted disorderly conduct or obstruction.

22. Other officers observed the arrest and had the opportunity and duty to prevent the constitutional violation, but failed to act. In fact, some officers that are yet unidentified were defending the illegal actions of the officers who unlawfully detained Plaintiff after the fact.

23. Jackson spent several days in jail and was denied access to his medication despite informing officers and staff that he needed his medication and that his condition was serious.

24. On February 21, 2025, the charges against Plaintiff were voluntarily dismissed because there was no grounds to prosecute him.

25. Plaintiff suffered loss of liberty, emotional distress, which was exacerbated due to his being denied his medication, reputational harm, and physical discomfort as a result.

26. Video of this incident may be viewed at: https://www.youtube.com/watch?v=xRiQFyAFMvk.

### CLAIMS FOR RELIEF

**Count I: Unlawful Seizure / False Arrest**
(42 U.S.C. § 1983 – Fourth Amendment)
Against Defendants Mitchell, White and Doe Officer #2

27. Defendants Mitchell and White unlawfully seized the body of Plaintiff, forcing Plaintiff into a vehicle in front of his house before placing him in handcuffs. This joint act constituted an arrest of Plaintiff without probable cause, violating his Fourth Amendment right to be free from unreasonable seizure. Further, Doe Defendant #2 assisted the other two officers as they illegally detained and then arrested Plaintiff. As a direct result, Plaintiff suffered loss of liberty, reputational harm, emotional distress, denial of medical care, and incurred legal expenses.

**Count II: First Amendment Retaliation**
(42 U.S.C. § 1983)
Against Defendant Mitchell

27. Plaintiff was arrested in retaliation for exercising his right to film and verbally question police conduct, and both activities are protected by the First Amendment. As a direct

result, Plaintiff suffered loss of liberty, reputational harm, emotional distress, denial of medical care, and incurred legal expenses.

### Count III: Failure to Intervene
(42 U.S.C. § 1983)
Against Defendant White and Does #s 2-6

28.     Defendant White and Doe Defendants # 2-6 were present and had a reasonable opportunity to prevent or stop the violation of Plaintiff's constitutional rights, but failed to do so despite having a duty to intervene. In fact, Defendant White and Doe Defendant #2 actively participated in the unlawful actions that Mitchell initially instigated. As a direct result, Plaintiff suffered loss of liberty, reputational harm, emotional distress, denial of medical care, and incurred legal expenses.

### Count IV: Malicious Prosecution
(42 U.S.C. § 1983 – Fourth/Fourteenth Amendment)
Against Defendant Mitchell

29.     Defendant Mitchell violated Plaintiff's Fourth and Fourteenth Amendment rights by initiating and continuing a criminal prosecution against Plaintiff without probable cause.

30.     Mitchell knowingly filed false and/or misleading charges of Disorderly Conduct and Resisting Arrest against Plaintiff despite the absence of any evidence that Plaintiff had engaged in unlawful conduct.

31.     The Plaintiff was peacefully recording and did not interfere with any arrest. Mitchell's actions were motivated by Plaintiff's exercise of his First Amendment rights, including verbally questioning police conduct and filming the scene.

32.     The Plaintiff was arrested, detained for several days, and prosecuted based on those false charges.

33.     The charges were ultimately dismissed in the Plaintiff's favor on February 21, 2025 due to the fact that there was video evidence showing that Plaintiff had committed no crime.

34. As a direct result of Defendant Mitchell's actions, Plaintiff suffered loss of liberty, reputational harm, emotional distress, denial of medical care, and incurred legal expenses.

35. Defendant Mitchell's conduct was objectively unreasonable and undertaken with malice, in reckless disregard for Plaintiff's constitutional rights.

### Count V: Malicious Prosecution
(Mississippi Common Law)
Against Defendant Mitchell

36. Defendant Mitchell maliciously initiated criminal charges without probable cause, knowing that there were no grounds for the charges. The charges were dismissed in the Plaintiff's favor, and Plaintiff suffered damages as described above as a result.

### Count VI: Excessive Force
(43 U.S.C. 1983 – Fourth Amendment)
Against Defendants Mitchell, White, and Doe Defendant #2

37. Defendants Mitchell, White, and Doe Officer #1 used excessive force when detaining and arresting Plaintiff.

38. The detention and arrest was effectuated without probable cause, therefore any force used is excessive and more than *de minimus*.

39. The excessive acts of shoving Plaintiff into a car several times (Mitchell and White), wrenching on his arms and hands (all three), and aggressively placing him in handcuffs (Mitchell and White) caused painful injury, including to his shoulder, back, and hip for which Plaintiff had to seek medical treatment after being released from jail.

40. As a result of the excessive force by Defendants Mitchell, White, and Doe Defendant #2, Plaintiff has had prior injuries, including to his hip and back, exacerbated and has had to receive treatments, including steroid injections.

41. Plaintiff is scheduled to have surgery on his hip soon, and the excessive force of the officers cited here, especially Mitchell and White, contributed to the injury to Plaintiff's hip.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A) Award compensatory damages, economic damages, and non-economic damages, including but not limited to, damages for legal expenses to defend the criminal charges, loss of liberty, pain and suffering, emotional distress and mental anguish, reputational harm, and nominal damages where appropriate;

B) Award punitive damages against Defendant Mitchell;

C) Award reasonable attorney's fees and costs under 42 U.S.C. § 1988;

D) Grant pre- and post-judgment interest;

E) Award such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 6th day of October, 2025.

**SANTEIR JACKSON, Plaintiff**

Matthew W. Lawrence (MSB #105958)
**MATT LAWRENCE LAW FIRM**
525 N. Main Street
Hattiesburg, MS 39401
Phone: (408) 605-8473
mattlawrencelawfirm@gmail.com

Lizbeth J. Velásquez (MSB# 106707)
**DANKS MILLER & CORY, PA**
213 South Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215
Phone: 601.957.3101
Facsimile: 601.957.3160
ljv@dmclaw.net